BEFORE THE SECOND DIVISION, JANUARY 12, 1960

**No. 63695.—H. A. Mack & Co. v. United States, protest 309743–K (Boston).**

LAWRENCE, Judge:   The importation in controversy is represented by exhibit 1 herein, attached to a card which describes the article as a—

The merchandise was classified in paragraph 354 of the Tariff Act of 1930 (19 U.S.C. § 1001, par. 354), as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, supplemented by Presidential proclamation, 86 Treas. Dec. 337, T.D. 52820, which enumerates among other things, "all knives by whatever name known, including such as are denominatively mentioned in the Tariff Act of 1930, which have folding or other than fixed blades or attachments, valued * * * Over $1.25 but not over $3 per dozen," and duty was imposed thereon at the rate of 9 cents each and 27½ per centum ad valorem.

Plaintiff claims that the merchandise is a kitchen knife of a kind made dutiable at 1 cent each and 17½ per centum ad valorem, or, alternatively, at 4 cents each and 17½ per centum ad valorem, in paragraph 355 of said act (19 U.S.C. § 1001, par. 355), as modified, *supra.*

The pertinent text of the statutes invoked herein reads as follows:

Paragraph 354, as modified, *supra*:

Penknives, pocketknives, clasp knives, pruning knives, budding knives, erasers, manicure knives, and all knives by whatever name known, including such as are denominatively mentioned in the Tariff Act of 1930, which have folding or other than fixed blades or attachments, valued—

Over $1.25 but not over $3 per dozen_____ 9¢ each and 27½% ad val.

Paragraph 355, as modified, *supra*:

* * * kitchen * * * and similar knives, * * * not specially provided for:

With handles of wood or wood and steel:

Not specially designed for other than household, kitchen, or butchers' use:
Under 4 inches long, exclusive of handle_____ 1¢ each and 17½% ad val.
4 inches or more long exclusive of handle_____ 4¢ each and 17½% ad val.

An examination of exhibit 1 discloses that it consists of a single piece of metal, 7 inches long, fastened in the center to a wooden handle in such manner that it

may be pivoted. One end has a blade having a serrated cutting edge, while the other end has a blade with a plain cutting edge. The two blades are obviously designed to perform the functions described on the card attached to exhibit 1. When one of the blades is in use, the other, by means of the pivot, is sheathed or folded in the handle.

No oral testimony was offered in the case. At the trial, however, in addition to the introduction of the sample, exhibit 1, counsel stipulated that said exhibit "consists of a kitchen knife that is not specially designed for other than household, kitchen, or butchers' use, and that it has a handle of wood, and that each of the blades, measuring from the external part of the wood to the end of the knife, is under four inches in length." It was further agreed that when "measured from one end of the blade to the other end of the blade it is between seven and eight inches as one blade."

As stated in the record by counsel for plaintiff, "The only issue in this case, your Honor, is whether or not the merchandise has a fixed or other than a fixed blade."

As we see it, however, the classification by the collector compels the further consideration whether or not the article in controversy has "folding" blades.

Our attention has not been invited to any precedent and we are without the advantage of any commercial or trade testimony. We, therefore, turn to the sample as a potent witness. *United States* v. *Bernard, Judae & Co.*, 18 C.C.P.A. (Customs) 68, T.D. 44029.

Reference to Webster's New World Dictionary of the American Language, college edition, discloses the following definitions—

The word "fold," when used as a transitive verb, means, among other things, "to bend or press (something) so that one part is over another; double up on itself."

One of the meanings ascribed to the word "fix" is "to make rigid."

The foregoing definitions lend support to our conclusion that the subject merchandise not only has folding blades, but also that they are other than fixed blades.

Based upon an examination of the sample, exhibit 1, and for the reasons above expressed, we find that the plaintiff has failed to make out a *prima facie* case. We, therefore, overrule the claim in the protest.

Judgment will issue accordingly.